UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY L. BUTLER,

                              Plaintiff,

     v.                                            9:06-CV-0893

MR. BAKER, Nurse, Clinton Correctional
Facility; CHARLES R. SIMPSON, Nurse, Clinton
Correctional Facility; DR. BERARD, Clinton
Correctional Facility,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

      Presently before the Court is a *pro se* civil rights complaint brought by Plaintiff Gary Butler. Dkt. No. 1. Plaintiff is currently incarcerated–and was incarcerated at all times relevant to this action–at Clinton Correctional Facility ("Clinton") under the custody of the New York State Department of Correctional Services ("DOCS"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, three DOCS employees, violated his constitutional rights under the Eighth Amendment through their deliberate indifference to Plaintiff's serious medical needs.[1] Dkt. No. 1.

---

[1] Plaintiff also claims that Defendants violated the Due Process Clause of the Fourteenth Amendment. Dkt. No. 1 at 16–18. "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted). However, even the most liberal construction of Plaintiff's complaint does not provide grounds for a due process claim. Rather, Plaintiff's allegations that Defendants' deliberate indifference resulted in cruel and unusual punishment raise an issue that falls directly under the Eighth Amendment. See

(continued...)

Defendants move to dismiss contending that Plaintiff's *in forma pauperis* ("IFP") status should be revoked pursuant to 28 U.S.C. § 1915(g).[2]

## I.  DISCUSSION

Defendants seek dismissal of the Complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim.[3] When a court becomes aware of three prior strikes after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g). See Polanco v. Burge, No. Civ. 05-651, 2006 WL 2806574, at *2 (N.D.N.Y. May 12, 2006); McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Plaintiff has filed five previous actions in courts in the Second Circuit involving his incarceration in DOCS facilities. See Dkt. No. 13, AAG McGowan Aff.; see also Butler v. Spano, et al., No. Civ. 94-9210 (S.D.N.Y. 2001); Butler v. Coombe, et al., No. Civ. 96-3540 (S.D.N.Y. 1996); Butler v. Baker, et al., No. Civ. 96-2168 (2d Cir. 1996) (dismissing appeal taken from No. Civ. 95-10822); Butler v. Baker, et al., No. Civ. 95-10822 (S.D.N.Y. 1995); Butler v. Spring, et al., No. Civ. 94-0516 (N.D.N.Y 1994).

---

[1](...continued)
Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994); see also, Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) ("The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care.") (citations omitted).

[2] 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[3] "Congress adopted the Prison Litigation Reform Act ("PLRA") with the principal purpose of deterring frivolous prisoner lawsuits and appeals." Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

Plaintiff has incurred "three strikes" under 28 U.S.C. § 1915(g). Plaintiff's suits in Butler v. Baker, No. Civ. 96-3540, and Butler v. Coombe were dismissed pursuant to 28 U.S.C. § 1915(d). Under 28 U.S.C. § 1915(d)–which was redesignated as 28 U.S.C. § 1915(e) by the PLRA in 1996–a court may dismiss a case if the court determines that the action is frivolous or malicious. Thus, Butler v. Baker, No. Civ. 96-3540, and Butler v. Coombe constitute two strikes against Plaintiff's IFP status because they were dismissed for being frivolous or malicious. See 28 U.S.C. §§ 1915(e), (g). Furthermore, Butler v. Spano was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted, and consequently established Plaintiff's third strike. See 28 U.S.C. § 1915(g).

Therefore, Plaintiff's IFP status should be revoked because he has, on at least three occasions, brought an action in a court of the United States that was dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.[4] See id.

## II. CONCLUSION

For the reasons stated above, it is ORDERED that Defendants' motion to dismiss is GRANTED. The Order granting Plaintiff IFP status, Dkt. No. 4, is VACATED because the Court finds that Plaintiff has accumulated "3 strikes" for purposes of 28 U.S.C. § 1915(g). Plaintiff's Complaint is DISMISSED without prejudice as to all defendants and all claims

---

[4] The "three strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception is available "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'" Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has not claimed to be under imminent danger of serious physical injury. Moreover, a review of Plaintiff's Complaint and response to Defendants' motion to dismiss shows that Plaintiff was not facing imminent danger at the time he filed his Complaint. Therefore, Plaintiff's Complaint does not fall within the IFP exception.

unless Plaintiff pays the filing fee within thirty (30) days of the date of this order.  **Plaintiff is further cautioned that, pursuant to Fed. R. Civ. P. 11, any frivolous filings will subject him to the imposition of sanctions.**  Plaintiff is further ORDERED to represent on any future application for IFP status on any case brought in a court of the United States while Plaintiff is incarcerated or detained in any facility that he has received three strikes under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:    August 6, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge