UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY L. BUTLER,

                                        Plaintiff,

        vs.                                                        9:06-CV-0893


BAKER, CHARLES R. SIMPSON and DR. BERARD,

                                        Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge



## DECISION & ORDER

        Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983 alleging that

Defendant provided inadequate medical care in violation of the Eighth Amendment. In

the Decision and Order filed on August 6, 2007, the Court granted Defendants' Motion

to Dismiss on the ground that Plaintiff's IFP status should be revoked.  The Court

ordered Plaintiff to pay the filing fee in full within 30 days.  The Court later granted

Plaintiff 30 additional days to comply with this Order.  Plaintiff's fees were due on

October 6, 2007.  Presently before the Court is Plaintiff's Motion for Reconsideration of

the August 6, 2007 Decision and Order.[1]

        The standard for granting a motion for reconsideration is strict.  It will "generally

_____

        [1] Plaintiff also moved for an order directing the Clinton Correctional Facility to pay the
$350 filing fee out of Plaintiff's Inmate Account.  This motion is moot because the filing fee was
received by the Court on November 2, 2007.

1

be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995).

In its prior Decision and Order, the Court concluded that Plaintiff has exhausted his three strikes under 28 U.S.C. § 1915(g).  Plaintiff's only argument on this motion is that he falls under the exception applicable to a plaintiff who is under an "imminent danger of serious physical injury."  Plaintiff claims that although his Complaint may be "inartfully [sic] pleaded," he is suffering from ongoing injuries that may result in "irreparable harm" and that this constitutes an "imminent danger" under 28 U.S.C. § 1915(g).

In deciding whether Plaintiff falls under the exception, the Court assesses whether Plaintiff faced this "imminent danger" at the time the Complaint was filed.  Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002).  The danger must "[rise] to the level of a 'serious physical injury'" and must be "real, and not merely speculative or hypothetical."  Williams v. Goord, 2007 WL 952053, at *5 (N.D.N.Y 2007) (quoting Johnson v. Barney, 2005 WL 2173950 at *1-*2 (S.D.N.Y. 2005)).  "Serious physical injur[ies]," while not clearly defined, have included conditions such as denial of treatment for "infected gums . . . resulting in . . . infection," McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002), "denial of adequate treatment for Hepatitis C," which was considered to be a "chronic and potentially fatal disease," Ibrahim v. District of Columbia, 463 F.3d 3, 7 (D.C. Cir. 2006), and "patterns of harassment from corrections officers, heart palpitations, chest pains and labored breathing." Ciarpaglini v. Saini, 352

2

F.3d 328, 330-31 (7th Cir. 2003).  The Court must look to the pleadings and other documents and construe them in the light most favorable to Plaintiff.  McAlphin, 281 F.3d at 710.

In Williams v. Goord, 2007 WL 952053 at *6 (N.D.N.Y. 2007), the plaintiff's "imminent danger" claim rested on the presence of a recurring knee injury.  The plaintiff conceded that the injury had been treated.  Id.  He also had received a knee brace and cane and was recommended to undergo arthroscopic surgery.  Id.  Plaintiff, however, claimed that he needed crutches and a prescription for Ultram, though the pain was already being treated with Nevotin.  Id.  He also sought permission to use the prison elevator.  Id.  The Court concluded that the plaintiff's claim failed to rise to an "imminent danger of serious physical injury" contemplated by 28 U.S.C. § 1915(g) and did not qualify for relief under this exception.  Id.

In the instant case, Plaintiff fails to demonstrate that he was under an "imminent danger" at the time he filed his Complaint.  Plaintiff filed his Complaint on July 21, 2006. His hand was placed in a cast on February 24, 2006.  Compl. ¶ 62.  Plaintiff's cast was not removed until April 28, 2006, a few weeks later than scheduled.  Compl. ¶¶ 73, 80. Although Plaintiff was told to "resume normal activity," he continued to have pain in his hand.  Compl. ¶¶ 81-82.  Because of this continued pain, Plaintiff filed an inmate grievance complaint on May 18, 2006.  Compl. ¶¶ 83-84.  On June 5, 2006, the grievance committee put his complaint on hold until Plaintiff could be seen by the recommended physical therapist.  Compl. ¶ 88.  Plaintiff re-filed another grievance due to the delay in scheduling an appointment with the physical therapist.  Compl. ¶ 91. Plaintiff was seen by a physical therapist on June 23, 2006.  Compl. ¶ 92.  In response

to his second grievance, the grievance committee informed Plaintiff that he needed to file a new grievance, to which Plaintiff responded that he would not re-file if the physical therapy was successful.  Compl. ¶¶ 95-96.  Instead of re-filing a grievance, Plaintiff filed the instant Complaint.

Like the plaintiff in <u>Williams</u>, Plaintiff does not contend that his wrist injury was ignored by medical staff, but only that it was inadequately treated.  The allegations in the Complaint demonstrate that his wrist was being treated, that he had avenues to submit grievances at the time he filed his Complaint, and that his grievances were being acted upon.  While Plaintiff complains of pain throughout his Complaint, at no time does Plaintiff indicate an "imminent danger of serious physical injury" sufficient to meet the high standard contemplated by this statute.

It is therefore

**ORDERED** that Plaintiff's motion for reconsideration [dkt no. 50] is **DENIED** and the motion for a preliminary injunction [dkt no 59] is **DENIED AS MOOT**.


IT IS SO ORDERED.

Dated:February 7, 2008

Thomas J. McAvoy
Senior, U.S. District Judge