UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY LAWRENCE BUTLER,

                              Plaintiff,

      v.                                                    9:06-CV-0893

MR. BAKER, Nurse, Clinton Correctional
Facility, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## MEMORANDUM-DECISION and ORDER

**I.      INTRODUCTION**

      Plaintiff Gary Butler commenced the instant action pursuant to 42 U.S.C. § 1983 alleging that Defendants, three New York State Department of Correctional Services employees, violated his constitutional rights under the Eighth Amendment through their deliberate indifference to Plaintiff's serious medical needs. Presently before the Court is Defendants' motion to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies.

**II.     FACTS**[1]

      On February 15, 2006, Plaintiff injured his left hand in a fight with another inmate. Plaintiff was seen by Defendant Nurse Baker, who administered ibuprofen. On February 16, 2006, Plaintiff submitted a sick call request, claiming injury to his hand. Plaintiff made a

---

[1] The following facts are taken from Plaintiff's Complaint and, for purposes of this motion, are assumed to be true.

second sick call request on February 17, 2006. By February 20, 2006, Plaintiff had not been taken to the clinic. Accordingly, on February 20, 2006, Plaintiff requested that he be taken to the facility clinic on an emergency basis. This request was granted. X-Rays were taken of Plaintiff's hand. The X-Rays revealed a fracture in Plaintiff's hand. Plaintiff was given ice for the swelling and sent to see Defendant Charles Simpson. Pending an orthopedic consult, Simpson placed Plaintiff's hand in a splint and wrapped it with a bandage. Defendant also was given additional ibuprofen for pain. On February 24, 2006, Plaintiff was seen by an orthopedic surgeon. Plaintiff's hand was placed in a cast. Although the cast was scheduled to be removed on April 7, 2006, it was not removed until April 28. Thereafter, Plaintiff continued to complain about pain in his hand.

      On May 18, 2007, Plaintiff filed an inmate grievance complaint alleging that his hand had not been properly treated and that his hand had healed improperly. On June 5, 2006, Plaintiff had a hearing before the Inmate Grievance Resolution Committee ("IGRC"). Because Plaintiff had an upcoming appointment with Nurse Miller, the IGRC decided to hold Plaintiff's grievance in abeyance. The IGRC determined that, if Plaintiff's hand was not improving after being seen by the physical therapist, Plaintiff should re-file the grievance. Compl. at ¶¶ 87-88. After not receiving the desired treatment, on June 22, 2006, Plaintiff re-filed his grievance. On June 26, the IGRC returned Plaintiff's grievance writing "Grievant advised he needs to submit a new grievance as to this matter, he can not resubmit prior grievance." Id. at 95. Plaintiff responded that he "would not re-file the grievance unless no satisfactory conclusion resulted from seeing the therapist." Id. at 96.

By Complaint dated July 14, 2006, Plaintiff commenced the instant action asserting a violation of his Eighth Amendment rights. Presently before the Court is Defendants' motion to dismiss for failure to exhaust administrative remedies.

### III.   STANDARD OF REVIEW

A motion brought under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims pleaded in a case. On a motion to dismiss, all factual allegations in the complaint are accepted as true, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed.2d 517 (1993), and the Court must determine whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). As such, the Court must determine whether the "[f]actual allegations . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., at 1965; see Barkley v. Olympia Mortgage Co., 2007 WL 2437810, at * 9 (E.D.N.Y. Aug.22, 2007).

### IV.   DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "The PLRA requires 'proper exhaustion,' meaning that a prisoner must 'compl[y] with the system's critical procedural

rules.'" Macias v. Zenk, 495 F.3d 37, 41 (2d Cir. 2007) (quoting Woodford v. Ngo, 126 S. Ct. 2378 (2006)).

Here, according to Plaintiff's Complaint, he filed a grievance with the IGRC. The IGRC held the grievance in abeyance. Plaintiff did not appeal this determination. Instead, after continued unsatisfactory medical treatment, Plaintiff re-filed the same grievance. The IGRC informed Plaintiff that he could not re-file the same grievance, but would have to file a new grievance. Plaintiff declined to do so. Plaintiff did not appeal the IGRC's determination that he could not re-file the same grievance. Instead, Plaintiff commenced the instant action.

Because Plaintiff was unsatisfied with his continued medical treatment, but failed to fully pursue the administrative remedies available to him by appealing the determinations of the IGRC or by filing a new grievance (as advised by the IGRC), Plaintiff failed to fully avail himself of the available administrative procedures. Accordingly, the Complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust available administrative procedures.

## V.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's Complaint is DISMISSED.

IT IS SO ORDERED.

Dated: February 22, 2008

Thomas J. McAvoy
Senior, U.S. District Judge