UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY L. BUTLER,
                                  Plaintiff,

vs.                                                                        9:06-CV-0893

BAKER, CHARLES R. SIMPSON and DR. BERARD,

                                  Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge


**DECISION & ORDER**

      Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983 alleging that Defendant provided inadequate medical care in violation of the Eighth Amendment. In the Decision and Order filed on February 25, 2008, the Court granted Defendants' Motion to Dismiss on the grounds that Plaintiff failed to fully exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e(a). Presently before the Court is Plaintiff's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e).

      A motion to alter or amend judgment is only granted when the court "has overlooked factual issues or controlling decisions which were presented to it on the underlying motion." Walker v. U.S., 321 F. Supp. 2d 461, 463 (N.D.N.Y. 2004) (citing Cohen v. Koenig, 932 F. Supp. 505, 506-07 (S.D.N.Y. 1996)). The rule is "narrowly construed and strictly applied so as to avoid repetitive arguments" that have already

1

been considered by the court.  Id. at 463 (citing Ades v. Deloitte & Touche, 843 F. Supp. 888, 892 (S.D.N.Y. 1994)).

Plaintiff argues that the Court failed to consider that: (1) the IGRC had reached an "informal resolution" at the hearing and, therefore, no appeal was necessary; (2) the IGRC had agreed that Plaintiff should re-file his grievance if his hand was not improving; (3) there was no means to file an appeal of IGRC's determination that Plaintiff had to file a new grievance; and (4) relevant case law allows for grievances to be made through informal channels to satisfy the exhaustion requirement.

Here, Plaintiff was given an opportunity by the IGRC to file a grievance if his hand did not improve after visits with the nurse and physical therapist.  When he re-filed his old grievance, Plaintiff was informed that he needed to submit a new grievance, rather than re-file his original one.  Plaintiff never completed this step and, instead, filed this action.

In the prior Decision and Order, the Court held that Plaintiff had not exhausted his administrative remedies by failing to submit a new grievance or appealing the IGRC determination that Plaintiff had to submit a new grievance.  Contrary to Plaintiff's beliefs, the Court adequately considered all the facts and law in this case.

Accordingly, Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

IT IS SO ORDERED.

Dated: April 15, 2008

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

2